BRIGHAM et al. *v.* TAYLOR et al.

An appeal must be dismissed where the real party in interest is not included among those to whom the appeal bond is made payable.

APPEAL from the District Court of Ouachita, *Selby*, J.

*Purvis* and *Parsons*, for the appellants.

*Garrett*, for the defendants. It has been repeatedly decided, that the appellant must bring before the court all the parties having an interest in maintaining the judgment undisturbed. 12 Rob. 180. 5 Rob. 226. 3 Rob. 62, 436. 16 La. 110. 15 La. 363. 12 La. 475. In the case last cited, the Supreme Court declare the question then fully settled by previous decisions. And their names must be included in the appeal bond, or the appeal will be dismissed. 10 La. 271. 12 Rob. 205. C. P. 474, 575. In 12 Rob. 205 the court dismissed the appeal without any motion by appellee, being unable to examine it in the absence of proper parties. The appellants can not be permitted to correct their irregularities. The provisions of the act of 1839, sec. 19, do not apply to a case like this. The cases in which relief will be granted are there specified ; a defective appeal bond is not among the irregularities mentioned ; and for the cases mentioned in that act it must not appear that the defect, error. or irregularity is imputable to the appellant. It is the duty of the appellant to furnish the appeal bond ; it is no part of the clerk's duty to make it out. C. P. 575. It is the duty of the appellant to see that the necessary steps are taken to bring up his appeal, and place it legally before this court. 16 La. 50. 14 La. 293. 6 La. 586.

The judgment of the court was pronounced by

SLIDELL, J. There is a motion to dismiss this appeal on various grounds, only one of which need be noticed. The plaintiff, *Brigham*, obtained an injunction against certain executions upon twelve months' bonds, which were originally given to *Taylor, Gardiner & Co.* It is alleged in the petitions for the injunction, that the bonds had been transferred by *Taylor, Gardiner & Co.* to the *Ocean Insurance Company*. The defendants in the cause were *Taylor, Gardiner, & Co.,* the *Ocean Insurance Company*, and the sheriff. They all appeared in the court below in a motion to dissolve the injunction, which was granted against all of them. The written motion for dissolution is made by counsel in the name of "the defendants", and must be considered as an appearance of all the defendants including the *Ocean Insurance Company*. Upon this motion there was judgment dissolving the injunction, and the plaintiffs, on motion in open court, obtained an order of appeal. But the appeal bond given, is given only to *Taylor, Gardiner & Co.,* and to the sheriff. The *Ocean Insurance Company* is not a party obligee in the bond ; yet, according to the averment of the petition, they are the real party in interest, as transferrees of the bonds upon which the executions issued. The Company was an indispensable party to the appeal, and not having been properly made a party by reason of the defectiveness of the bond, the appeal must be dismissed.

*Appeal dismissed.*